UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL A. FALANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-0253-RBW |
| | ) | |
| DEPARTMENT OF NAVY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The plaintiff, Michael A. Falana, brought this action *pro se* against the Department of the Navy ("Navy") under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706 (2006), seeking review of the Board for Correction of Naval Records' ("BCNR") denial of his application to correct his military records regarding his discharge. Petition for Review ("Pet."), ECF No. 1. Following two remands to the agency, each party now seeks dispositive relief through (1) the Defendant['s] Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment ("Def.'s Mot."), ECF No. 20, and (2) the plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Mot."), ECF No. 23.[1] After carefully considering the parties' submissions and the Administrative Record, ECF No. 19, Bates-numbered pages 1-1277 (hereafter "AR __"), the Court will grant the defendant's motion and deny the plaintiff's motion for the reasons that follow.

---

[1] Also pending before the Court is the plaintiff's Cross-Motion to Dismiss or Strike for Insufficient Process, ECF No. 22, premised on his alleged non-receipt of the defendant's dispositive motion. Because both parties have fully briefed the issues on summary judgment and "adjudication on the merits" is favored, *Owens v. Republic of Sudan*, 864 F.3d 751, 820 (D.C. Cir. 2017) (citations omitted), the Court will deny this motion as moot.

## I. BACKGROUND

### A. Disciplinary Actions

The plaintiff served in the United States Marine Corps from February 23, 1988, to July 8, 1993, when he was discharged for bad conduct following a special court-martial in October 1991. *See* AR 332, 335, 386. The plaintiff had pleaded not guilty to multiple charges of violating the Uniform Code of Military Justice, including one charge of unauthorized absence ("UA") from April 9, 1991, to April 21, 1991; four specifications of uttering a bad check with intent to defraud; and one charge of altering a public record on March 25, 1991. AR 77. The plaintiff was acquitted of the altering a public record charge and three of the four charges of uttering a bad check but was found guilty of three lesser-included offenses of failing to maintain sufficient funds, one count of uttering a bad check, and the UA charge. *Id.* The plaintiff was sentenced to a bad conduct discharge, five months of confinement, and reduction in pay grade to the rank of Private.[2] AR 78, 279-80, 299; *see also* Defendant's Memorandum in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment ("Def.'s. Mem.") at 1-2. The Navy-Marine Corps Court of Military Review affirmed the plaintiff's court-martial and sentence on December 16, 1992. Def.'s Mem. at 2-3.

### B. Requests for the Correction of Records

On February 21, 2009, the plaintiff applied to the BCNR for an upgrade of his discharge from bad conduct "to general discharge under honorable conditions." AR 332. The BCNR

---

[2] "Under the Uniform Code of Military Justice, military commanders can punish service personnel through judicial proceedings—taking the form of general, special, or summary courts martial—or by imposing non-judicial punishment ("NJP")." *Piersall v. Winter*, 507 F. Supp. 2d 23, 29 (D.D.C. 2007). Prior to the plaintiff's special court-martial, between March 1989 and June 1989, he was found guilty of military code violations on three separate occasions and NJP was imposed. *See* AR 78; *see also* 10 U.S.C. § 815(b) ("[A]ny commanding officer may, in addition to or in lieu of admonition or remand, impose one or more [enumerated] disciplinary punishments for minor offenses without the intervention of a court-martial[.]").

denied the plaintiff's application on March 25, 2010, finding the plaintiff's "evidence . . . insufficient to establish the existence of probable material error or injustice." AR 386. On September 28, 2012, the plaintiff applied again for an upgrade, alleging a host of "error[s]" and "injustice[s]" in the record of the special court-martial. AR 398-411. The BCNR treated that application as a request for reconsideration of its March 25, 2010 decision and denied it on December 18, 2012, explaining: "Although, at least some of the evidence you have submitted is new, it is not material. In other words, even if this evidence was presented to the Board, the decision would inevitably be the same." AR 394.

**C. Initiation of Lawsuit and Remand to the Department**

The plaintiff filed this lawsuit in January 2014. In early July 2014, the Court granted the defendant's motion to remand the proceedings to the BCNR to consider "all of the plaintiff's alleged errors and to issue a decision and grant any appropriate relief[.]" July 2, 2014 Minute Order. The Court therefore stayed these proceedings for six months. On February 2, 2015, the agency filed with the Court the BCNR's subsequent decision, noting that the "decision granted, in part, and denied, in part, the relief sought by [the p]laintiff." Notice of Filing of Agency Decision after Remand, ECF No. 10. Specifically, the plaintiff's records were corrected "to reflect a seven day period of [unauthorized absence] instead of a nine day period . . . , and the awarding of a Pistol Marksman Badge, but not that of a Pistol Expert Badge," as the plaintiff had requested. *Id*., Exhibit ("Ex.") 1 (Dec. 11, 2014 Decision) at 3.

On February 23, 2015, the plaintiff moved for a second remand, which the defendant did not oppose. Therefore, the Court granted the plaintiff's motion, remanded the case, and again stayed these proceedings for another six months. *See* July 14, 2015 Minute Order. The agency filed with the Court the BCNR's subsequent decision on August 12, 2016, noting that "[s]ome,

not all, of the relief [the p]laintiff sought has been granted." Notice of Filing of Agency Decision after Second Remand, ECF No. 15; AR 458-463 ("July 1, 2016 Decision").

In this second decision, the BCNR addressed each of the plaintiff's eleven alleged errors or injustices and concluded:

> In view of the foregoing, the majority finds the existence of an injustice warranting the following partial corrective action.
>
> MAJORITY RECOMMENDATION:
>
> a. That Petitioner's naval record be corrected to remove the NJP from 15 March 1989.
> b. That the corrections to Petitioner's record pertaining to 7 days of unauthorized absence instead of 9 days, and the addition of the Pistol Rifle Badge remain.
> c. That a copy of this Report of Proceedings be filed in Petitioner's naval record.
> d. That no further relief be granted.
> e. That, upon request, the Veterans Administration be informed that Petitioner's applications were received in 2009, 2012, and that following judicial proceedings, reconsideration was granted in September 2015.
>
> MINORITY CONCLUSION:
>
> The minority agrees with the majority, with one exception. Specifically, the minority does not concur with the removal of the l5 March 1989 NJP from Petitioner's record.
>
> The minority member considered Petitioner's record, the medical procedure of 1 February 1989, and Petitioner's allegations. The minority member determined that the material presented insufficient evidence of error or injustice to overcome the presumption of regularity.
>
> MINORITY RECOMMENDATION:
>
> a. That Petitioner's record continue to reflect the previous favorable determinations for relief from BCNR, but to otherwise remain unchanged.

AR 462. The Majority's Recommendation was approved on July 22, 2016. AR 463.

**D. Post-Remand Claims and Defenses**

In a notice filed with this Court on September 15, 2016, the plaintiff renewed his request for judicial review under the APA, claiming that the BCNR's decision "was arbitrary, capricious, abuse of discretion and not based on substantial evidence." Notice of Continuance ("Not. of Cont.") at 1, ECF No. 16. The plaintiff "presents two (2) claims . . . for judicial review." *Id*. at 2. He claims first that "the BCNR did not consider all relevant factors, specifically the orders for approved leave[,]" and second that "there were fundamental defects in the plaintiff's court-martial proceedings." *Id.* (capitalizations omitted).

The defendant seeks dismissal of the court-martial claim for want of subject matter jurisdiction and summary judgment on the other APA claim. *See* Def.'s Mot. at 1-2. The plaintiff "moves for summary judgment on all claims in the notice of continuance[.]" Pl.'s Mot. at 1.

## II. LEGAL STANDARDS

**A. Motions to Dismiss under Rule 12(b)(1)**

A motion for dismissal under 12(b)(1) "presents a threshold challenge to the court's jurisdiction . . . ." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see also Grand Lodge Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (noting that "a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). Accordingly, the Court must dismiss a claim if it "lack[s] . . . subject matter jurisdiction [.]" Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994), and the plaintiff bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence, *Huffman v. Kelly*, 239

F. Supp. 3d 144, 153 (D.D.C. 2017) (Walton, J.), *aff'd sub nom. Huffman v. Nielsen*, 732 Fed. App'x 1 (D.C. Cir. 2018).

In deciding a motion to dismiss based upon lack of subject matter jurisdiction, a district "court need not limit itself to the allegations of the complaint." *Grand Lodge*, 185 F. Supp. 2d at 14. Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, a district court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). However, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge*, 185 F. Supp. 2d at 13-14 (alteration and omission in original) (citation and internal quotation marks omitted).

**B. Motions for Summary Judgment under Rule 56**

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is the proper mechanism for deciding, as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." *Loma Linda Univ. Med. Ctr. v. Sebelius*, 684 F. Supp. 2d 42, 52 (D.D.C. 2010) (citing *Stuttering Found. of Am. v. Springer*, 498 F. Supp. 2d 203, 207 (D.D.C. 2007), *aff'd*, 408 Fed. App'x. 383 (D.C. Cir. 2010)); *see also Richards v. INS*, 554 F.2d 1173,

1177 n.28 (D.C. Cir. 1977). But due to a court's limited role in reviewing the administrative record, the typical summary judgment standards set forth in Federal Rule of Civil Procedure 56 are not applicable to an APA claim. *See Stuttering*, 498 F. Supp. 2d at 207.

## C. Summary Judgment under the Administrative Procedure Act

Section 1552(a)(1) of Title 10 of the United States Code provides in relevant part: "The Secretary of a military department [acting through a board] may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice." Such corrections "shall be made under procedures established by the Secretary concerned." *Id.* § 1552 (a)(3)(A). The "Secretary's decision to deny corrective relief is reviewable under the APA," *Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1515 (D.C. Cir. 1989), and it "can be set aside if [it is] arbitrary, capricious or not based on substantial evidence[,]" *Chappell v. Wallace*, 462 U.S. 296, 303 (1983).

Courts must apply "an unusually deferential application of the arbitrary or capricious standard of the APA" to ensure that they "do not become a forum for appeals by every [soldier] dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *Mueller v. Winter*, 485 F.3d 1191, 1198 (D.C. Cir. 2007) (citations and internal quotation marks omitted); *see also Piersall v. Winter*, 435 F.3d 319, 325 (D.C. Cir. 2006) (district courts are required to apply "a particularly deferential standard of review"); *Kreis*, 866 F.2d at 1514 ("decisions of the [Air Force's] Board are reviewable under the APA, albeit by an unusually deferential application of the 'arbitrary or capricious' standard"); *Lebrun v. England*, 212 F. Supp. 2d 5, 14 (D.D.C. 2002) (Walton, J.) ("the scope of the Court's review is solely to determine whether the Secretary's decision to adopt the BCNR's recommendation to deny the plaintiff's petition was arbitrary, capricious, an abuse

of discretion, contrary to law or regulations, or unsupported by substantial evidence") (citing 5 U.S.C. § 706(2)). In other words, the Court must determine only whether the Secretary's decision not to take corrective action "is flawed for one or more of the reasons enumerated in . . . § 706(2), not whether the decision was correct." *Lebrun,* 212 F. Supp. 2d at 14 (citing *Kreis,* 866 F.2d at 1511). It is the agency's duty to "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)). A court may not substitute its judgment for that of the agency, and it should "'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *Pub. Citizen, Inc. v. FAA*, 988 F.2d 186, 197 (D.C. Cir. 1993) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.,* 419 U.S. 281, 286 (1974)).

This Circuit has observed that "[p]erhaps only the most egregious decisions may be prevented under such a deferential standard of review." *Kreis*, 866 F.2d at 1515. To defeat a summary judgment motion, "[t]he plaintiff bears the burden of establishing that the agency's action violated the APA 'by providing cogent and clearly convincing evidence[,]' [and he] must 'overcome the presumption that military administrators discharge their duties correctly, lawfully, and in good faith.'" *Mueller v. England*, 404 F. Supp. 2d 51, 55 (D.D.C. 2005) (quoting *Stem v. England*, 191 F. Supp. 2d 1, 3 (D.D.C. 2001), *aff'd sub nom. Mueller v. Winter*, 485 F.3d 1191 (D.C. Cir. 2007).

**D. *Pro Se* Filings**

In applying the framework above, the Court is mindful of the fact that the plaintiff is proceeding in this matter *pro se*. This appreciation is required because the pleadings of *pro se*

parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, all factual allegations by a *pro se* litigant, whether contained in the complaint or other filings in the matter, should be read together in considering whether to grant a motion to dismiss. *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). Nonetheless, a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

### III. ANALYSIS

As indicated above, the plaintiff seeks judicial review of his court-martial for the purpose of having his military records corrected. The Court must start its analysis by first considering the defendant's jurisdictional challenge.

**A. Subject Matter Jurisdiction**

The defendant argues that the APA does not grant jurisdiction over the plaintiff's special court-martial conviction. *See* Def.'s Mem. at 7-8. The Court agrees, as the APA specifically exempts from its coverage "courts martial and military commissions." 5 U.S.C. § 701(b)(1)(F). As the Circuit has observed, "Congress' establishment, pursuant to Article I, Section 8 of the Constitution, of a separate judicial system for courts martial review is . . . convincing evidence that Congress could not have intended Judge Advocate General review of courts martial to fall within APA review of agency decisions." *McKinney v. White*, 291 F.3d 851, 853 (D.C. Cir. 2002). Therefore, the defendant's motion to dismiss the plaintiff's claim necessitating review of his court-martial is granted for lack of subject matter jurisdiction, and therefore this Court "can

proceed no further" on that claim. [3] *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

## B. APA Review of Military Board Decisions

The "federal courts have regularly exercised APA jurisdiction over appeals from decisions of military records correction boards (such as the BCNR) where those challenges implicate . . . the procedures the board employed in rendering a decision." *Reilly v. Sec'y of Navy*, 12 F. Supp. 3d 125, 139 (D.D.C. 2014) (citing cases); *see also Piersall*, 435 F.3d at 326 (remanding case for the district court "to review the decision of the BCNR pursuant to § 706 of the APA"). Such challenges are reviewed "through an examination of the administrative record of the proceedings before the [BCNR], rather than a de novo review of [the plaintiff's] claims." *McDougall*, 20 F. Supp. 2d at 82 (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Florida Power and Light v. Lorion*, 470 U.S. 729 (1985)).

The only remaining challenge in this case concerns the BCNR's refusal to amend the plaintiff's records reflecting his absence from April 9, 1991, to April 20, 1991 as unauthorized, *see* Pl.'s Mot. at 2-3 (setting out "Elements that can be proven by the Plaintiff"), a decision which the defendant argues was not arbitrary, capricious, or contrary to law, Def.'s Mem. at 13-21. The Court agrees.

---

[3] The general rule that "the act[] of a court martial, within the scope of its jurisdiction and duty, cannot be controlled or reviewed in the civil courts, by writ of prohibition or otherwise," *McKinney v. White*, 291 F.3d 851, 853 (D.C. Cir. 2002) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 746 (1975)), does not preclude a "collateral attack seeking a declaration that a judgment is void because of lack of jurisdiction or some other equally fundamental defect," *id.* (quoting *Schlesinger*, 420 U.S. at 747). The plaintiff argues that "there were fundamental defects in [his] court-martial proceedings." Cross-Motion for Summary Judgment ("Pl.'s Mot.") at 5-6. Upon examination of the merits of the plaintiff's special court-martial, Def.'s Mem. at 8-13, the defendant argues against the applicability of the "fundamental defect" exception because the "[p]laintiff has not shown that there is a fundamental defect regarding the findings of guilt . . . or the overall Special Court-Martial in general," *id.* at 13. The Court agrees with the defendant and accords deference to "the judgments of the carefully designed military justice system established by Congress." *Schlesinger*, 420 U.S. at 753.

In the military context, the Circuit has instructed that

> the question whether a particular action is arbitrary or capricious must turn on the extent to which the relevant statute, or other source of law, constrains agency action. While the broad grant of discretion implicated here does not entirely foreclose review of the Secretary's action, the way in which the statute frames the issue for review does substantially restrict the authority of the reviewing court to upset the Secretary's determination. It is simply more difficult to say that the Secretary has acted arbitrarily if he is authorized to act "*when he considers it necessary* to correct an error or remove an injustice," 10 U.S.C. § 1552(a) (emphasis added), than it is if he is required to act whenever a court determines that certain objective conditions are met, *i.e.,* that there has been an error or injustice.
>
> The Secretary may, in other words, have a reason for considering that it is not necessary to alter an applicant's military record in order to correct even an undisputed error or to remove even a conceded injustice.

*Kreis*, 866 F.2d at 1514 (emphasis in original). Here, the plaintiff admits that "the BCNR considered on second remand, all of the Plaintiff's leave and earning statements and leave chits," Pl.'s Mot. at 4, but posits that the BCNR "apparently ignored or overlooked the annual leave statement that reflected that [he] was on approved leave from April 9, 1991 to April 20, 1991." *Id*. (citing AR 36, "Member's Copy Leave and Earnings Statement"). However, the July 1, 2016 Decision establishes otherwise. Indeed,

> [t]he Board considered Petitioner's assertions that he had a valid legal defense for the unauthorized absence, specifically that he had approved leave for the period of 9-21 Apr 91. The Board considered Petitioner's Leave and Earnings Statements, the leave chits presented at the court martial, and Petitioner's own testimony during the special court martial proceedings. *The Board noted that Leave and Earnings Statements do not authorize approved leave*. Furthermore, the Board determined that the Petitioner failed to provide sufficient documentary evidence to support his assertion that he was on approved leave during the period of 9-21 April 1991. Finally, the Board determined that the court performed due diligence in its administration of justice and that the record did not warrant correction due to error or injustice.

AR 460 (emphasis added). The plaintiff has pointed to nothing in the administrative record that contradicts the BCNR's findings. Nor has he shown "by cogent and clearly convincing evidence

11

that the decision was the result of a material legal error or injustice." *Doyle v. England*, 193 F. Supp. 2d 202, 207 (D.D.C. 2002) (citation and internal quotation marks omitted). And, "[i]n the absence of clear and persuasive evidence to the contrary, courts should presume that the Secretary and selection boards performed fairly and lawfully." *Id.* (citation omitted).

Furthermore, the plaintiff has shown no entitlement to summary judgment. In his cross-motion for summary judgment, the plaintiff cites page 15 of the Administrative Record in support of his argument that the BCNR failed to consider an "order of [approved] leave." Pl.'s Mot. at 3. But the corresponding document is a form, not an order, and it authorizes the plaintiff's leave from March 27, 1991 through April 8, 1991, which is a period of authorized leave that is not in genuine dispute. The plaintiff also refers to a "leave and earnings statement" that he claims "reflects [his] periods of leave authorized from 1989 through 1991." Pl.'s Mot. at 3-4 (citing AR 36). But, as set out above, such statements are immaterial since "they do not authorize approved leave." AR 460. Finally, the plaintiff asserts (1) "that his staff sergeant, whom gave the Plaintiff approval for extended leave, signed him in on April 9, 1991"; (2) "that [h]is approved leave from April 9, 1991[,] to April 20, 1991[, was] for non-accrued leave days"; and (3) "[t]he leave orders state that the date of return April 21, 1991, cannot be charged as a leave day. Therefore, where the Plaintiff was back at his command on April 21, 1991, it could not be charged as a leave day." Pl.'s Mot. at 3-4. Those assertions, however, reflect the plaintiff's misunderstanding of the limited scope of review under the APA.

To be clear, the Court's role is not to "duplicate agency fact-finding efforts" or "to engage in independent fact-finding." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). Rather, it must decide the "predominantly legal" question of whether "the agency [has] articulate[d] a rational connection between the facts found and the choice

made"? *Id.* (citation and internal quotation marks omitted). In this case, that is what has been done. And because the BCNR's decision also is neither arbitrary nor capricious, the defendant is entitled to judgment as a matter of law on the remaining APA claim.

## IV. CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss and for summary judgment is granted, and the plaintiff's cross-motion for summary judgment is denied.[4]

Date: November 21, 2018

                       s/
Reggie B. Walton
United States District Judge

---

[4] A separate final order accompanies this Memorandum Opinion.